

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-12-0395-CR
No. 07-12-0396-CR
_____

ROBERT EARL JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 65,654-D & 65,655-D, Honorable Richard Dambold, Presiding

May 8, 2013

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following open pleas of guilty, Appellant, Robert Earl Jones, was convicted of delivery of cocaine in a drug-free zone in an amount of four grams or more but less than 200 in cause number 65,654-D and in cause number 65,655-D.[1]  After pleading true to the drug-free zone enhancement paragraphs, he was sentenced to concurrent twelve

_____

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (WEST SUPP. 2012).

year sentences. In presenting these appeals, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the records and, in his opinion, the records reflect no potentially plausible basis for reversal of Appellant's convictions. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the records support that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Although untimely, Appellant did file a response on March 8, 2013, and a second response on May 2, 2013. The State did not favor us with a brief.

By the *Anders* brief, counsel raises one potential issue evaluating whether Appellant's sentence was within the legally prescribed range. Counsel then concludes

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

after analyzing section 12.32 of the Texas Penal Code and sections 481.112(d) and 481.134(c)(1) of the Texas Health and Safety Code that Appellant's sentence was well within the prescribed range of punishment.

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)).

We have independently examined the entire records to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the records, counsel's brief, and Appellant's *pro se* responses, we agree with counsel that there is no plausible basis for reversal of either conviction. *See Bledsoe*, 178 S.W.3d at 824.

Accordingly, the trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle<br>Justice

Do not publish.

3